# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: Eydie Guerrero, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:20-cv-05175 |
| Unifund CCR, LLC, | ) ) Judge Sara L. Ellis |
| Defendant. | ) ) ) |

## DEFENDANT UNIFUND CCR, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Unifund CCR, LLC ("Unifund"), for its Answer to Plaintiff Eydie Guerrero's Complaint, states as follows. Paragraph numbers of the Answer correspond to paragraph numbers of the Complaint. Unifund denies all allegations not admitted specifically.

## INTRODUCTION

1. Plaintiff, Eydie Guerrero, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Unifund CCR, LLC (hereinafter "CCR"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq*. ("FDCPA").

**ANSWER:** Unifund admits that Plaintiff purports to bring an action under the FDCPA, but denies that Unifund violated the FDCPA, and otherwise denies the allegations set forth in paragraph 1.

2. The Seventh Circuit Court of Appeals stated in *Millver v. McCalla, Raymer, Padrick, Cobb, Nicols & Carlk, LLC.,* 214 F.3d 872, 875 (7th Cir. 2000), that the FDCPA requires a debt collector to state "the amount of the debt" that they are trying to collect.

**ANSWER:** Unifund denies any characterization of the cited case, which speaks for itself, denies that the cited case applies to the evidence here, and otherwise denies the allegations set forth in paragraph 2.

3. The Court in *Miller* spelled out safe harbor language for collecting debts that are accuring [sic] interest or other fees after the date of the initial dunning letter. *Id.*

**ANSWER:** Unifund denies any characterization of the cited case, which speaks for itself, denies that the cited case applies to the evidence here, and otherwise denies the allegations set forth in paragraph 3.

4. Following Miller, the Seventh Circuit Court of Appeals stated in *Chuway v. Nat. Action Services*, 362 F.3d 944 (7th Cir. 2004), stated that if a Debt Collector is "trying to collect the listed balance plus the interest running on it or other charges, he should use the safe harbor language of *Miller*: As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800 [phone number]." *Id.*

**ANSWER:** Unifund denies any characterization of the cited case, which speaks for itself, denies that the cited case applies to the evidence here, and otherwise denies the allegations set forth in paragraph 4.

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

**ANSWER:** Paragraph 5 sets forth legal conclusions to which no answer is required. To the extent an answer is required, Unifund does not contest jurisdiction for purposes of this action only. Unifund otherwise denies the allegations set forth in paragraph 5.

6. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

**ANSWER:** Paragraph 6 sets forth legal conclusions to which no answer is required. To the extent an answer is required, Unifund does not contest venue for purposes of this action only. Unifund otherwise denies the allegations set forth in paragraph 6.

## STANDING AND INJURY

7. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

**ANSWER:** Paragraph 7 sets forth legal conclusions to which no answer is required. To the extent an answer is required, Unifund denies the allegations set forth in paragraph 7.

8. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

**ANSWER:** Paragraph 8 sets forth legal conclusions to which no answer is required. To the extent an answer is required, Unifund denies the allegations set forth in paragraph 8.

9. The rights and obligations established by section 1692g were considered by the Senate at the time of passage to be a "significant feature" of the Act. "This provision [section 1692g] will eliminate the recurring problem of collectors dunning the wrong person or attempting to collect debts which the consumer has already paid."

**ANSWER:** Unifund denies any characterization of the FDCPA, which speaks for itself, denies that the cited section of the FDCPA applies to the evidence here, and otherwise denies the allegations set forth in paragraph 9.

10. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

**ANSWER:** Unifund denies the allegations set forth in paragraph 10.

## PARTIES

11. Plaintiff, (hereinafter "Plaintiff') incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

**ANSWER:** Unifund admits that Plaintiff incurred an obligation to pay money. Unifund otherwise denies that allegations set forth in paragraph 11 for lack of knowledge or information sufficient to form a belief as to the truth of the same.

12. The Plaintiff's name is Eydie Guerrero.

**ANSWER:** Unifund admits the allegation set forth in paragraph 12.

13. Plaintiff is a resident of the State of Illinois.

**ANSWER:** Unifund denies the allegations set forth in paragraph 13 for lack of knowledge or information sufficient to form a belief as to the truth of the same.

14. Defendant, CCR ("Defendant"), is an Ohio business entity with an address of 10625 Techwoods Circle, Cincinnati, Ohio 45242 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

**ANSWER:** Paragraph 14 sets forth legal conclusions to which no answer is required. To the extent an answer is required, Unifund admits that it is an Ohio limited liability company, and

that its principal place of business is located at 10625 Techwoods Cir., Cincinnati, Ohio 45242. Unifund otherwise denies the allegations set forth in paragraph 14.

15. Unless otherwise stated herein, the term "Defendant" shall refer to CCR.

**ANSWER:** Unifund admits that Plaintiff purports to refer to Unifund as "Defendant" or "CCR."

16. At some point, the original creditor, transferred this debt to Defendant for debt collection.

**ANSWER:** Unifund states that it serviced the subject debt for Citizens Bank, NA, and otherwise denies the allegations set forth in paragraph 16.

## ALLEGATIONS

17. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $66,894.64 (the "Debt") to an original creditor (the "Creditor").

**ANSWER:** Unifund admits that Plaintiff incurred the subject debt with the original creditor in the amount of $66,894.64. Unifund otherwise denies the allegations set forth in paragraph 17.

18. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.

**ANSWER:** Unifund admits that it serviced the subject debt for Citizens Bank, NA, and otherwise denies the allegations set forth in paragraph 18.

19. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).

**ANSWER:** Paragraph 19 sets forth legal conclusions to which no answer is required. To the extent an answer is required, Unifund admits that it sent Plaintiff written correspondence in

connection with the subject debt. Unifund otherwise denies the allegations set forth in paragraph 19.

20. On August 4, 2020, Defendant mailed Plaintiff an initial collection letter. See Exhibit.

**ANSWER:** Unifund admits that it sent Plaintiff the letter attached to the Complaint as Exhibit 1, dated August 4, 2020, except for the handwriting on that exhibit. Unifund otherwise denies the allegations set forth in paragraph 20.

21. Plaintiff received said letter on or about August 9, 2020.

**ANSWER:** Unifund denies the allegations set forth in paragraph 21 for lack of knowledge or information sufficient to form a belief as to the truth of the same.

22. The letter states: "Balance Placed: $66,894.64." See Exhibit A.

**ANSWER:** Unifund admits that, among other things, the letter attached to the Complaint as Exhibit 1 contains the material quoted in paragraph 22.

23. In accordance to the terms of the original agreement with creditor, Plaintiff believes the amount of debt is increasing, she is not being told about this by Defendant.

**ANSWER:** Unifund denies the allegations set forth in paragraph 23 of the Complaint, and states further that, as Unifund represented to counsel for Plaintiff, the amount of the debt is not increasing, and interest is not accruing on the debt.

24. The language in the dunning letter, regarding the amount of the Debt, does not satisfy the requirements set forth by the 7th Circuit Court of Appeals in *Chuway*.

**ANSWER:** Paragraph 24 sets forth legal conclusions to which no answer is required. To the extent an answer is required, Unifund denies the allegations set forth in paragraph 24.

25. Specifically, by failing to accurately tell the Plaintiff that the debt may be rising, Defendant is not providing Plaintiff with an accurate amount of the debt.

**ANSWER:** Unifund denies the allegations set forth in paragraph 25 of the Complaint, and states further that, as Unifund represented to counsel for Plaintiff, the amount of the debt is not increasing or "rising," and interest is not accruing on the debt.

### **VIOLATIONS OF THE FDCPA - 15 U.S.C. SECTION 1692, et seq.**

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:** Unifund incorporates by reference paragraphs 1-25 of its Answer set forth above, as if restated fully herein.

27. The Defendants' conduct violated 15 U.S.C. Section 1692g by failing to state that the debt was increasing due to interest as required by *Chuway* and *Miller*.

**ANSWER:** Paragraph 27 sets forth legal conclusions to which no answer is required. To the extent an answer is required, Unifund denies the allegations set forth in paragraph 27.

28. The Defendant's conduct violated 15 U.S.C. Section 1692e(2) in that it misled Plaintiff as to the amount of the debt.

**ANSWER:** Paragraph 28 sets forth legal conclusions to which no answer is required. To the extent an answer is required, Unifund denies the allegations set forth in paragraph 28.

29. Plaintiff is entitled to damages as a result of Defendants' violations.

**ANSWER:** Paragraph 29 sets forth legal conclusions to which no answer is required. To the extent an answer is required, Unifund denies the allegations set forth in paragraph 29.

## JURY DEMAND

30. Plaintiff's jury demand set forth in paragraph 30 of the Complaint does not require a response.

## PRAYER FOR RELIEF

31. Plaintiff's prayer for relief set forth in paragraph 31 of the Complaint does not require a response, but Unifund denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted. As a matter of law, no communication at issue violates the FDCPA. At minimum, the amount of the subject debt is not increasing, and interest is not accruing on the debt.

### SECOND DEFENSE

Unifund seeks all fees, expenses, costs, and any legally recoverable damages from Plaintiffs that may be available under the FDCPA, including but not limited to fees under 15 U.S.C. § 1692k(a) as the prevailing party on an unsuccessful pleading, motion, or other paper filed in bad faith or for purposes of harassment. Plaintiff lacks any good faith basis for her claim because interest is not accruing on the subject debt, the amount of the debt is not increasing beyond the amount represented in Unifund's correspondence with Plaintiff, and Unifund provided Plaintiff's counsel with information confirming the same.

### THIRD DEFENSE

Plaintiff's claims are barred because she failed to state an injury-in-fact sufficient to confer Article III standing, and the Court therefore lacks subject matter jurisdiction over her claims. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1542 (2016). Plaintiff has not been damaged materially by the conduct she alleges.

**FOURTH DEFENSE**

Plaintiff's claims are barred or limited to the extent she has not mitigated her damages (if any). Unifund is entitled to discovery on this issue.

**FIFTH DEFENSE**

To the extent that any violation of state or federal law occurred, said violation was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted and/or adopted to avoid such errors. Unifund requires compliance with law in the servicing or collection of debt, including as to all letters sent to consumers.

**SIXTH DEFENSE**

Plaintiff may have waived any and all claims Plaintiff may have had against Unifund. Unifund is entitled to discovery on this issue.

**SEVENTH DEFENSE**

The Complaint may be barred by the equitable defenses of laches, unclean hands, and/or equitable estoppel. Unifund is entitled to discovery on this issue.

**EIGHTH DEFENSE**

Plaintiff's damages, if any, were caused by the acts and/or omissions of third parties for whose conduct Unifund is not responsible because Unifund did not violate the FDCPA or other law in any way.

**NINTH DEFENSE**

Unifund reserves the right to amend or add more defenses as necessary.

WHEREFORE, Unifund respectfully requests that this Court:

A.  Dismiss Plaintiff's Complaint with prejudice;

B.  Enter judgment in favor of Unifund and direct Plaintiff to recover nothing from

Unifund;

      C.      Grant Unifund its attorney fees, expenses and costs pursuant to 15 U.S.C. § 1692k(a); and

      D.      Grant to Unifund such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Emily J. Fitzgerald*
Emily Jean Fitzgerald
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, IL   60611
Telephone:   312-321-9100
Email:  efitzgerald@smbtrials.com

*Trial Attorney for Defendant*
*Unifund CCR, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of October, 2020, I filed the foregoing electronically with the Clerk of Courts for the United States District Court, Northern District of Illinois, Eastern Division via the Court's CM/ECF system, which will also serve a copy on counsel of record listed below.

John P. Carlin, Esq.
Suburban Legal Group, LLP
1305 Remington Road, Suite C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com

*Attorney for Plaintiff, Eydie Guerrero*

                                              */s/ Emily J. Fitzgerald*
                                              Emily J. Fitzgerald

                                              Trial Attorney for Defendant
                                              Unifund CCR, LLC